UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KENNETH BOYD, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 3:16-cv-00697 |
| | ) | Judge Campbell |
| v. | ) | |
| DEPUTY f/n/u HALLEY, | ) | |
| Defendant. | ) | |

# **M E M O R A N D U M**

Plaintiff Kenneth Boyd, a pre-trial detainee being held at the Dickson County Jail in Charlotte, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Deputy f/n/u Halley in his individual capacity only, alleging that the defendant used excessive force against the plaintiff on January 30, 2016. (Docket No. 1). As relief, the plaintiff seeks damages in the amount of $480,000 and "the case that's pending against [the plaintiff] and [his] Lady Ashlee Hill to be dismissed." (*Id*. at p. 6).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

1

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.    Section 1983 Standard**

The plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges,

2

or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

According to the complaint, on January 30, 2016, at the Dickson County Jail, defendant Deputy f/n/u Halley refused to allow the plaintiff, a pre-trial detainee, to eat lunch unless he was wearing his jail-issued orange shirt. However, earlier that day Deputy Halley had confiscated the plaintiff's only jail-issued orange shirt because the plaintiff had been using it in his cell to block the sunlight from his bunk while he was sleeping.

The complaint alleges that, when the plaintiff told Deputy Halley that he did not have another orange shirt, Deputy Halley told the plaintiff he could not eat lunch without the orange shirt. The plaintiff obtained a lunch tray anyway but, before he could eat, Deputy Halley told the plaintiff to put his tray down. The plaintiff complied, but Deputy Halley grabbed the plaintiff's wrist "with brute force" and cuffed the plaintiff. Twice the plaintiff told Deputy Halley that the cuffs were too tight but Deputy Halley did not loosen them. Instead, he jerked the plaintiff's arm "with brute force" and "kept twisting" the plaintiff's arm "while telling [the plaintiff] to chill" as he escorted him to booking. When the cuffs were taken off, the plaintiff's wrist was bleeding. The plaintiff asked for medical assistance, but did not receive any treatment until 10:40 p.m. when he was given an ice pack by another deputy. (Docket No. 1 at pp. 5-7).

### IV. Analysis

The plaintiff alleges that, at the time of the alleged events, he was a a pre-trial detainee. The

3

legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision. *See Coley v. Lucas County, Ohio,* 799 F.3d 530, 538 (6th Cir. 2015). The Supreme Court has recently clarified that when assessing pretrial detainees' excessive force claims we must inquire into whether the plaintiff shows "that the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015)). The inquiry is highly fact-dependent, and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* It should also account for "the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,'" *id.*, and defer when appropriate to "'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)). The Court further instructs:

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* This list is not exclusive. *Kingsley* also reaffirms that pretrial detainees cannot be subjected to "the use of excessive force that amounts to punishment," *id.* (quoting *Graham*, 490 U.S. at 395 n. 10, 109 S. Ct. 1865) precisely because they "cannot be punished at all," *id*. at 2475.

In light of this Fourteenth Amendment standard and the facts alleged in the complaint, Plaintiff Boyd's excessive force claims should proceed for further development. However, the court

4

notes that, as part of his requested relief, the plaintiff asks the court to dismiss pending criminal charges against the plaintiff and another individual. This court cannot order such relief. However, the plaintiff also asks for money damages, a form of relief that is authorized by law against a deputy defendant in his individual capacity.

To the extent that the complaint proposes a claim based on the delay of medical treatment for the plaintiff's wrist injury, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984).

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)(citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." *McCarthy v. Place*, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under

conditions posing a substantial risk of serious harm.'" *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)(quoting *Farmer*, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" *Id.* Claims of negligence are insufficient to entitle a plaintiff to relief. *See Farmer,* 511 U.S. at 835.

Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. Such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, the court is not persuaded that a cut to the plaintiff's wrist as described in the complaint constituted a sufficiently "serious medical need" requiring medical treatment beyond what the plaintiff was afforded on the day of his injury. Moreover, the complaint does not allege that the delay in providing medical care (*i.e.*, the ice pack) for the plaintiff's injury caused the plaintiff to suffer a detrimental effect to his health or that the plaintiff has suffered because he did not receive a different treatment for his injury. Therefore, the court finds that the complaint fails to state an Eighth Amendment claim upon which relief can be granted. Any such claim alleged in the complaint will be dismissed.

**V.     Conclusion**

As set forth above, the plaintiff, a pre-trial detainee, has stated a colorable Fourteenth Amendment excessive force claim against defendant Deputy Halley in his individual capacity under 42 U.S.C. § 1983. That claim will be allowed to proceed for further development.

However, the plaintiff's denial of or delay in providing medical treatment claim against Deputy Halley fails to state a § 1983 claim upon which relief can be granted, and that claim must be dismissed under the PLRA.

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge