# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENNETH BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16-cv-00697 |
| | ) Chief Judge Crenshaw |
| DEPUTY F/N/U HALLEY, *et. al.* | ) |
| | ) |
| Defendants. | ) |

## ORDER

Magistrate Judge Newbern has entered a Report and Recommendation ("R & R") (Doc. No. 43) recommending that Defendants' unopposed Motion for Summary Judgment (Doc. No. 36) be granted, and that this case be dismissed. In response, Plaintiff filed a letter, (Doc. No. 45), which, if construed as an objection, is untimely because the R & R was entered on August 11, 2017, but the letter was not filed until September 14, 2017. Plaintiff was warned that "[f]ailure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein." (Doc. No. 43 at 11).

Failure to file timely objections aside, Plaintiff did not respond to Defendants' Motion for Summary Judgment or their Statement of Undisputed Facts. The Federal Rules of Civil Procedure provide that when a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the Court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed–show that the movant is entitled to it[.]" Fed. R. Civ. P. 56(e)(3). This Court's Local Rules similarly provided that the "[f]ailure to respond to a moving party's statement of material facts . . . within the time period provided by these Rules shall indicated that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.01(g).

Having undertaken the *de novo* review required by F. R. Civ. P. 72(b) and based upon the undisputed facts presented at the time of ruling, Magistrate Judge Newbern properly concluded that Defendants were entitled to summary judgment on Plaintiff's excessive force claim. Those facts established that, when Plaintiff did not respond to correctional officer's directives while in the food line, he was placed in handcuffs and taken to the booking area. As Magistrate Judge Newbern correctly observed, even though the handcuffs may have tightened during the short walk from the mess area to booking, "grabbing [Plaintiff's] wrists, handcuffing him, and escorting him to booking was not objectively unreasonable where [Plaintiff] refused to follow [a guard's] direct order and attempted to resist [the] use of handcuffs." (Doc. No. 43 at 7).

Accordingly, the R & R is hereby **ADOPTED**, Defendants' Motion for Summary Judgment (Doc. No. 36) is **GRANTED**, and this case is hereby **DISMISSED WITH PREJUDICE.** The Clerk of the Court shall enter final judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE